Cook, J.
The Northwestern Mutual Life Insurance Company issued two policies of insurance for a thousand dollars each upon the life of Sylvanus H. Risley, payable to his daughter Mabel J. Risley. Both policies are of the same character and both were issued upon a written application of the assured signed by him. In the written application Risley, in answer to questions, represented “that he did not use intoxicating liquors of any character or in any amount and never had done so.”
This action was brought upon these two policies and the defendant company, by its answer, averred that these answers were wilfully false, and fraudulently made; ■ that the representations were material to the risk and induced the defendant to issue the policies, and therefore the policies were void and plaintiff should not recover upon the same. The case being tried to a jury there was a verdict and judgment in favor of plaintiff.
Plaintiff in error upon the hearing of the petition in error made two questions only.
First — That the applications are part of the contracts of insurance; that the answers of the assured in reference to his use of intoxicating liquor, being a matter of which he must necessarily have had knowledge, were wilfully false and fraudulent, and avoided the policies; that the-company was the sole judge as to whether or not the false and fraudulent representations were material to the risk, and induced the company to issue the policies; and that the provisions of section 3625, Revised Statutes, did not affect the contract of insurance, but only the remedy.
Second — That if the company was not the sole judge as to *162 whether or not the false representations were material to the risk and induced the company to issue the policies, then it was a question to be decided by the court and should not have been submitted to the jury.
These two questions were made upon the eleven requests •asked by defendant company to be given to the jury, all of which were refused by the court. They were all substantially •alike and were to this effect: “That if the jury should find from a preponderance of the testimony that Sylvanus H. Risley, at the time he made the applications for insurance, did use malt liquor, spirits or other alcoholic beverages at any time in any degree, and the soliciting agent of the company that took said applications for the company at the time said policies were issued had no knowledge that such was the fact, your verdict should be for the defendant.”
'That the applications became part of the contracts of insurance must be conceded, but at the same time the provisions of section 3625, Revised Statutes, modifying the effect of the applications also became part of the contracts of insurance; that is, the answers must be read in connection with the statute and the legal effect of the answers must be controlled by its provisions.
It seems to us that such is the plain language of the statute. “No answer to any interrogatory made by an applicant •in his or her application for a policy shall bar the right to re•cover upon any policy issued upon such application, or be •■used in evidence upon any trial to recover upon such policy unless it be clearly proved that such answer is wilfully false, •and was fraudulently'- made, that it is material and induced the company to issue the policy, and that but for such answer the policy'- would not have been issued; and moreover that the agent or company had no knowledge of the falsity or fraud of such answer.
Mark the language: “No answer to an interrogatory made 'by an applicant in'his or her application for a policy shall bar \the right to recover upon any policy.”
Prior to the passage of this statute, wilfully false and frau *163 dulent answers upon a material question annulled the contract of insurance, absolutely barring the right to recover; now such answers by force of the statute are of no legal effect.unless they are material to the risk and induced the company to issue the policy. To this effect also, as we understand it, is the decision of our Supreme Court in John Hancock Life Insurance Co. v. Warren, 59 Ohio St., 45.
The next question made was that it was the duty of the court to determine what was material to the risk; that is, what use of intoxicating liquors would materially affect the hazard of the risk.
In this case we do not think so. In Ins. Co. v. Reif, 36 Ohio St., 596, and Ins. Co. v. Foley, 105 U. S., 350, the court does lay down the rule as to what would constitute a man of intemperate habits, but in this case the questions and answers were entirely different. The question made in those cases was as to the habits of the assured, and therefore the court was called upon to determine what constituted a man of temperate habits; but in this case the question was, did the assured use intoxicating liquors at all, and if so, was the risk increased by the use of intoxicants in the manner he did use them.
In some cases the risk might be increased; in others the use of intoxicants, to the extént it was claimed that the assured in this case used them, might not increase the risk at all. It therefore was a question of fact for the jury to determine under proper instructions from the court as to whether or not the false and fraudulent answers in this particular case were material. ’The case of Moody v. Insurance Co., 52 Ohio St., 12, we think is analogous to this case and supports our position. This disposes of the two questions made by plaintiff in error upon argument.
However, there is another question which is fatal to the judgment of the court below. Defendant in error before argument submitted to the court a number of requests which he asked to have given to the jury, which w.as done over the objection and exception of plaintiff in error.
Among the requests was the following: “Defendant claims that the assured, S. H. Risley, made untruthful, false *164 and fraudulent answers as to his habits of drinking spirituous, malt and vinous liquors. The court says to you, even though you find th.e answers to these questions or any of them were untrue, nevertheless unless they were material, unless they enhanced the risk and rendered the same more hazardous for the company it cannot avail as a defense. In determining whether or not they were material, you will seek for the evidence what the decedent’s habits were in respect to drinking and the court says to you, to use intoxicating liquor in moderation and an occasional indulgence to excess does not render a person an intemperate man. If the habits of the assured, S. H. Risley, in the usual ordinary every day routine were temperate, his representations that he was and always had been a man of temperate habits were not untrue within the meaning of the polic3q although he may have had an attack of sickness from an instance of over indulgence.”
Squire, Sanders & Dempsey and John J. Sullivan, for Plaintiff in Error.
Gittmer & Roberts, for Defendant in Error.
This was clearly error. As we have seen, there was no question as to the habits of the assured. The question was, did the assured use intoxicating liquor at all, and if he did, was it material? Did it increase the risk? This was a question of fact for the jury to determine.
In this request the court practically told the jury that the temperate use of intoxicating liquor by the assured would not make the answers in the applications false and fraudulent or increase the risk. Indeed if he had used liquor to such an extent as to produce sickness from an instance of over indulgence that would not make the answers material by increasing the risk. These were questions for the jury to determine.
For this error the judgment must be reversed and the cause remanded for a new trial.